UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHN LEE BASS** | **CIVIL ACTION NO. 20-1508** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JERRY GOODWIN** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner John Lee Bass, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on October 30, 2020. Petitioner attacks his forcible rape conviction and the forty-year sentence imposed by the Fourth Judicial District Court, Morehouse Parish.[1] For reasons below, the Court should dismiss this Petition as untimely.

## Background

On December 10, 2015, a jury found Petitioner guilty of forcible rape. [doc. # 1, p. 1]. On January 26, 2016, the trial judge sentenced Petitioner to forty years in prison. *Id.*

Petitioner appealed, claiming that the evidence presented at trial was insufficient to sustain his conviction and that his sentence was excessive. [doc. # 1, p. 2]. On June 21, 2017, the Court of Appeal of Louisiana, Second Circuit, affirmed Petitioner's conviction and sentence. *State v. Bass*, 223 So. 3d 1242, 1249 (La. Ct. App. 2017), *writ not considered,* 239 So. 3d 830 (La. 2018). Petitioner applied for writ of certiorari and/or review before the Supreme Court of Louisiana, but on April 16, 2018, the Supreme Court of Louisiana declined to consider the writ,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

opining, "Untimely filed pursuant to Louisiana Supreme Court Rule X § 5. *State v. Bass*, 239 So. 3d 830 (La. 2018). Petitioner did not seek further review before the United States Supreme Court. [doc. # 1, p. 3].

On March 19, 2019, Petitioner applied for post-conviction relief before the trial court. [doc. #s 1, p. 3; 1-2, p. 29]. On July 14, 2019, the trial court denied the application "on the showing made." [doc. # 1-2, p. 39]. On October 24, 2019, the Louisiana Second Circuit Court of Appeal denied Petitioner's application for post-conviction relief "on the showing made." [doc. # 1-2, p. 54]. The Supreme Court of Louisiana denied Petitioner's application for supervisory writ on August 14, 2020. *State v. Bass*, 300 So. 3d 835 (La. 2020).

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively

applicable to cases on collateral review. With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final.

Petitioner does not mention subsection "B" or otherwise argue that he was impeded from filing this Petition.[2] Out of caution, though, the undersigned will examine subsection "B."

Petitioner alleges that, with respect to one of his four claims—i.e. that "jury selection was held in violation of the 14th Amendment to the United States Constitution"—he has been unable to obtain a copy of "his voir dire transcripts; each request has been denied without any explanation." [doc. # 1-2, p. 5]. He adds:

> From personal letters, to Motion for Production of Transcripts, it has been impossible for Petitioner to obtain these documents.
>
> In Petitioner's case, with the transcripts he will be able to prove to the Court that the District Attorney used discriminatory tactics to exclude black jurors from Petitioner's trial. . . The only way for Petitioner to fairly address this issue, is with a copy of his voir dire transcripts.

*Id.* He suggests that his lack of the transcript prejudiced his appeal. *Id.*

The requirements for the "statutory time-bar reset provision of § 2244(d)(1)(B) . . . are understandably steep." *Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010). To invoke the "reset," a petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Id.*

---

[2] See *Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that, because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

Here, Petitioner does not contend that the lack of access to a voir dire transcript prevented him from filing this Petition (or any other state court proceeding).[3] In fact, while Petitioner allegedly remains bereft of the transcript, he was able to raise his claims in this Petition. See *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (holding that the state's failure to provide the petitioner with a transcript did not prevent him from filing, and adding that if the petitioner "desired the complete trial transcript to aid the court in deciding his petition, he could have sought the district court's help in obtaining the missing portions through discovery after he filed his petition."); see also *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (finding that the petitioner's filing of a petition before the alleged impediment was removed suggested that the state action did not prevent petitioner from timely filing).

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

When a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Here, the Second Circuit Court of Appeal affirmed Petitioner's conviction and sentence

---

[3] See *Cardona v. Davis*, 770 F. App'x 179, 184 (5th Cir. 2019) (examining 2244(d)(1)(B) and concluding, "We find no error in the district court's finding that Cardona's thin account of what was deficient . . . do[es] not establish official impediments to his access to the courts for these 23 months."); *Parker v. Johnson*, 220 F.3d 584 (5th Cir. 2000) (finding, where the petitioner argued "that his alleged lack of access to legal materials . . . extend[ed] the tolling period under 28 U.S.C. § 2244(d)(1)(B)[,]" that the petitioner did not show that "the State imposed an unconstitutional impediment to the filing of his federal habeas petition . . . .").

on June 21, 2017,[4] and mailed notice of the judgment the same day.[5] Under Louisiana Supreme Court Rule X, § 5(a), an applicant has thirty days, from the mailing of the notice of the original judgment of the court of appeal, to apply to the Louisiana Supreme Court for review of a judgment of the court of appeal. Here, Petitioner had until July 21, 2017, to file an application before the Louisiana Supreme Court. Petitioner, however, did not file his application before the deadline. When Petitioner did file, the Louisiana Supreme Court rejected his application and issued the following ruling on April 16, 2018: "Write not considered. Untimely filed pursuant to Louisiana Supreme Court Rule X § 5." *Bass*, 239 So. 3d at 830.[6] Thus, Petitioner's conviction became final on July 21, 2017, when his time for seeking further review in state court expired.[7]

Petitioner did not toll the statute of limitations, or otherwise extend the date on which his conviction became final, when he filed his untimely application before the Louisiana Supreme Court or while his untimely application was pending before the Louisiana Supreme Court. See *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008) (explaining that the time period when an untimely application is pending on direct appeal before the Louisiana Supreme Court is not

---

[4] *State v. Bass*, 223 So. 3d 1242 (La. Ct. App. 2017), *writ not considered,* 239 So. 3d 830 (La. 2018).

[5] TELEPHONE CALL TO LOUISIANA SECOND CIRCUIT COURT OF APPEAL, December 30, 2020 (confirming date of the mailing of the notice of the original judgment).

[6] See *Thomas v. Goodwin*, 786 F.3d 395, 398 (5th Cir. 2015) (declining to construe the petitioner's "filing as a timely writ application [before the Louisiana Supreme Court] when the Louisiana Supreme Court's Central Staff explicitly refused to do the same.").

[7] The time for seeking direct review often "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. However, "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* Here, therefore, Petitioner is not afforded an additional ninety days.

included in the "time for seeking direct review."); see also *Thomas*, 786 F.3d at 399 ("When Thomas mailed his writ application to the Louisiana Supreme Court on January 8, 2008, his writ application was nearly four months late, and we are bound by *Butler* to hold that Thomas's conviction became final when the thirty-day time limit for seeking review by the Louisiana Supreme Court expired.").

Because Petitioner's conviction became final on July 21, 2017, Petitioner had one year, or until July 21, 2018, to file a federal habeas corpus petition. Petitioner did not file the instant Petition until, at the earliest, October 30, 2020. [doc. # 1, p. 15]. Thus, his claims are barred by the one-year limitation period unless he either extended the July 21, 2018 deadline through statutory or equitable tolling or establishes, by presenting new and reliable evidence, that a fundamental miscarriage of justice excepts him from the time bar.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitation period expired. As noted, Petitioner's conviction became final on July 21, 2017. Absent tolling, the time period for filing a federal habeas corpus petition would expire on July 21, 2018. Petitioner waited until March 19, 2019, to file an application for post-conviction relief

in state court. [doc. #s 1, p. 3; 1-2, p. 29]. As Petitioner did not file for post-conviction relief in state court before July 21, 2018, he did not interrupt or toll the period of limitation. Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation, and nothing of record supports equitable tolling. The form on which Petitioner filed instructed him thusly: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." [doc. # 1, p. 13]. Petitioner did not respond.

Again, out of caution, the undersigned reiterates that Petitioner alleges that he has been unable to obtain voir dire transcripts which would enable him to prove one of his claims. But

this does not amount to exceptional circumstances: he does not allege that any individual or entity actively misled him about a cause of action, and his lack of access to the voir dire transcript did not prevent him, "in some extraordinary way," from asserting his rights. See *Pitre v. Cain*, 2016 WL 1371206, at *8 (W.D. La. Jan. 21, 2016), *report and recommendation adopted,* 2016 WL 1367300 (W.D. La. Apr. 4, 2016) ("[W]hile transcript of the *voir dire* may have aided petitioner in establishing the merits of his claims directed at events which occurred during *voir dire,* there is no indication that petitioner's lack of access to the transcript prevented him from filing a *habeas* petition."); *Heinemann v. Murphy*, 401 F. App'x 304 (10th Cir. 2010).[8,9]

---

[8] See also *Lloyd*, 296 F.3d at 633-34 (finding that a state's refusal to provide the petitioner with a complete transcript did not justify equitable tolling: "Mr. Lloyd was present at his trial and knew the basis on which he could have asserted [his claim]; under these circumstances, a petitioner does not need a transcript to proceed with filing a habeas corpus petition.") (citing cases); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (unavailability of a document, the contents of which petitioner had at least constructive knowledge, did not prevent him from raising claim in his habeas petition); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000).

[9] See also See *Walck v. Johnson*, 213 F.3d 638 (5th Cir. 2000) (finding that the petitioner did not present rare and exceptional circumstances because the petitioner was "inconsistent with the dates he was denied access to his legal material[,] he [did] not state why he needed his materials to file his federal habeas petition[,] and he [did] not indicate that he was restrained or prevented from filing within the limitations period."); *Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006) (finding that the district court did not abuse its discretion in denying equitable tolling where the petitioner did not provide "specific evidence of the impact of his medical conditions on his ability to file a timely application [or of] the lack of evidence regarding why certain documents were necessary to the preparation of his application . . . ."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) ("Hatcher has not shown that not having possession of his trial counsel's file prevented him from filing his application, as opposed to proving his claims.").

[9] "Even when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations." *Hill v. Johnson*, 265 F.3d 1059 (5th Cir. 2001).

Even assuming Petitioner presented extraordinary circumstances, he did not diligently pursue his rights: he waited 606 days after his conviction became final to file his application for post-conviction relief before the trial court.[10]  See *Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (holding that the petitioner did not diligently pursue his rights because he "did not seek post-conviction relief until 11 months after his conviction had become final" and offered "no explanation for his delay other than his conclusional allegation that he is a pro se litigant with limited resources.").  Moreover, he waited 77 days to file this proceeding after the Supreme Court of Louisiana, on post-conviction review, denied his Application for Supervisory and/or Remedial Writs.

In sum, Petitioner was not actively misled by the State or otherwise prevented in some extraordinary way from asserting his rights.  Accordingly, this Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

## III. Actual Innocence

Petitioner mentions in passing that he is innocent.  [doc. # 1-2, p. 6].  The fundamental miscarriage of justice exception provides that, "in the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits."  *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory

---

[10] "Even when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations." *Hill v. Johnson*, 265 F.3d 1059 (5th Cir. 2001).

9

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Here, Petitioner does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of actual innocence. Absent any evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's claims remain barred by the statute of limitations.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner John Lee Bass's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH**

10

**PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondents to answer. <u>Petitioner may raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below.</u>**[11]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[11] See *Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 4th day of January, 2021.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE